IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY X MARSHALL,<br>*also known as* KERRY X [MARSHALL],<br>                Plaintiff,<br><br>   vs.<br><br>TOM CORBETT; JOHN WETZEL;<br>JOHN DOE #1; ANDREA<br>PRIORI-MEINTEL; ULLI KLEMM;<br>CRAIG COOPER; MARGARET<br>GORDON; MARCIA NOLES; RANDY<br>MCELRAVY; MICHAEL MICHLIN;<br>JEFFREY DITTY; LYDIA HALE;<br>ADEEB RASHEED; JODY SMITH;<br>DORINA VARNER; BRIAN COLEMAN;<br>JOHN DOES #2-7; DEBRA<br>HAWKINBERRY,<br>                Defendants. | Civil Action No. 14-1210<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br><br>Re: ECF Nos. 8 and 9 |

**ORDER**

Kerry X, also known as Kerry Marshall, ("Plaintiff") is serving a life sentence for murder. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 5, and the Complaint was filed. ECF No. 6.

Most recently, Plaintiff has filed two motions. The first motion was a Motion Seeking Authorization to Obtain Service of Process Without Prepayment of U.S. Marshal Fees ("Motion for Service Without Fees"). ECF No. 8  The second motion was a Motion for Permission to Forego Service of the Complaint to Numerous Defendants ("Motion to Not Supply Service Papers"). ECF No. 9.

We will address the second Motion first. In the Motion to Not Supply Service Papers, Plaintiff notes that there are 23 defendants named in the Complaint and that because 22 of the

Defendants have the same business address and because all the defendants will have the same counsel, service to one of the defendants is like service to all Defendants. ECF No. 9 at ¶¶ 3 – 4. The Court **DENIES** the Motion to Not Supply Service Papers because service or waiver of service by the individual defendants is the means by which the Court obtains personal jurisdiction over the defendants. See, e.g., Testa v. United States. 52 F.3d 343 (Table), 1995 WL 138970, at *1 (Fed. Cir. 1995) ("Because Testa's motion 'to dispense with service of process' is without foundation and borders on being frivolous, we deny Testa's motion."); Holly v. True, NO. 92 C 1636, 1992 WL 159318, at *3 (N.D. Ill. July 1, 1992) ("The court denies Holly's motion to submit his complaint without copies. If Holly wants to sue twenty-eight defendants, he must provide the court with sufficient copies of his complaint in order to effect service. If Holly finds this task difficult, he should seriously consider whether he wants to sue each of the defendants he has named. One of the purposes of requiring even pro se litigants to provide service copies is to cause them to focus their efforts against those individuals truly responsible for the deprivations alleged in the complaint.").

Accordingly, the Motion to Not Supply Service Papers is **DENIED.** Plaintiff is ordered to supply the Court with 23 copies of the Complaint, along with the same number of United States Marshal Form 285 and with the same number of completed notices of lawsuit and requests for waiver of service.[1] Plaintiff is given until December 1, 2014 to do so. Failure to comply by December 1, 2014, will result in the case being dismissed for failure to prosecute.

As to the Motion for Service Without Fees, given that the Court will not order service of the Complaint and other papers until Plaintiff provides the necessary paperwork to effectuate

---

[1] Plaintiff may request in writing from the Clerk's Office the US Marshal Form 285 and the Notice of Lawsuit and Request for Waivers.

service on the Defendants, Plaintiff's Motion for Service Without Fees is **DENIED** without prejudice as being prematurely filed, or not ripe.

BY THE COURT:

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: November 5, 2014

cc: Kerry X. Marshall
BE-7826
SCI Rockview
Box A
Bellefonte, PA 16823