IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY X MARSHALL,<br>*also known as* KERRY X [MARSHALL],<br>Plaintiff,<br><br>vs.<br><br>TOM CORBETT; JOHN WETZEL;<br>JOHN DOE #1; ANDREA<br>PRIORI-MEINTEL; ULLI KLEMM;<br>CRAIG COOPER; MARGARET<br>GORDON; MARCIA NOLES; RANDY<br>MCELRAVY; MICHAEL MICHLIN;<br>JEFFREY DITTY; LYDIA HALE;<br>ADEEB RASHEED; JODY SMITH;<br>DORINA VARNER; BRIAN COLEMAN;<br>JOHN DOES #2-7; DEBRA<br>HAWKINBERRY,<br>Defendants. | Civil Action No. 14-1210<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br>Re: ECF No. 12 |

## ORDER

Kerry X, also known as Kerry Marshall, ("Plaintiff") is serving a life sentence for murder. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 5, and his Complaint was filed. ECF No. 6.

Plaintiff previously filed a Motion for Permission to Forego Service of the Complaint to Numerous Defendants ("Motion to Not Supply Service Papers"). ECF No. 9. In that Motion to Not Supply Service Papers, Plaintiff sought to supply this court with only two service copies of the Complaint, one to be served on the Governor and because 22 of the Defendants have the same business address and because all the defendants will have the same counsel, a second service copy of the Complaint to be served on all the 22 Defendants other than the Governor at the one business address. ECF No. 9 at ¶¶ 3 – 4. This Court denied that Motion to Not Supply Service Papers by order dated November 5, 2014. ECF No. 10. Now, Plaintiff has filed a

Motion for Reconsideration of that Order, ECF No. 12 and a Brief in Support of the Motion for Reconsideration. ECF No. 13. For the following reasons, the Motion for Reconsideration will be denied.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "The standard plaintiff must meet to prevail on a motion for reconsideration is high[.]" Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004). In order to merit the grant of a motion for reconsideration, the moving party must establish: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). After considering Plaintiff's arguments, Plaintiff fails to meet the high standards for meriting the grant of a motion for reconsideration.

Plaintiff makes two arguments for our reconsideration. First, he cites to Fed.R.Civ.P. 5 for the proposition that where there are numerous defendants, the Plaintiff may be excused from serving original process, i.e., the Complaint, on them. ECF No. 12 at 5 ("F.R.Civ.P., Rule 5(c) requires the service of the complaint on defendant, just not on each defendant."). However, Fed.R.Civ.P. 5 does not excuse a Plaintiff from the obligation of providing sufficient copies of the complaint in order for each defendant to be served. Rule 5(c) provides in full as follows:

> (c) Serving Numerous Defendants.
>     (1) In General. If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:
>
>         (A) defendants' pleadings and replies to them need not be served on other defendants;

> (B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and
>
> (C) filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.

By its plain language Rule 5(c)(1) only excuses the filing of "defendants' pleadings" not the Plaintiff from serving the Complaint on each Defendant. No other words in Rule 5(c) authorize the excusing of the Plaintiff from providing sufficient copies of the complaint for service. Rule 5(c) does not provide a basis for excusing Plaintiff from providing service copies.

Next Plaintiff claims that the United States District Court for the Middle District of Pennsylvania "under 'identical' circumstances as this . . . had granted an 'identical' 'motion for permission to forego service of complaint on numerous Defendants under Rule 5(c)' to Plaintiff in Plaintiff's Civil Action No. 3:12-0351." ECF No. 13 at 2 (citing Marshall v. Pa. D.O.C., No. 3:12-0351 (M.D. Pa. ECF No. 21). We are not persuaded.

First, even if Plaintiff were correct, the United States District Court decision would be merely persuasive authority to this Court, not mandatory. Given the language of Rule 5(c), we would not be persuaded by that Court's decision to excuse Plaintiff from providing necessary service copies in this case, if, in fact, the United States District Court for the Middle District did what Plaintiff said it did. Secondly, the United States District Court for the Middle District did not grant Plaintiff's Motion for Permission to Forego Service because no such motion exists on the docket of Marshall v. Pa. D.O.C., No. 3:12-0351 (M.D. Pa.). The specific order that Plaintiff cites to in Marshall v. Pa. D.O.C., is ECF No. 21, which is simply an order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis and ordering the Marshal to serve Plaintiff's Complaint on the Defendants. The order does not specifically address the issue of whether Plaintiff can be excused from providing the necessary copies of the Complaint to serve

each defendant. Accordingly, Plaintiff's citation to the ECF No. 21 in Marshall v. Pa. D.O.C., No. 3:12-0351 (M.D. Pa.) does not persuade this Court that we committed an error of law in requiring Plaintiff to provide the necessary number of copies of the Complaint.

Lastly, Plaintiff complains that he does not have the money to make sufficient copies, he may provide identical hand copies of the required number of complaints. As for his complaint that he may not have sufficient funds for mailing, we note that Plaintiff had, as recently as September 16, 2014, $118.70 in his inmate trust account. ECF No. 11 at 1. His six month account statement belies the fact that he cannot afford the postage.

Accordingly, the following order is entered:

**AND NOW**, this 5th day of December 2014, it is hereby **ORDERED** that the Plaintiff's Motion for Reconsideration, is **DENIED**. Plaintiff is now ORDERED to provide to the court the necessary number of copies of the Complaint together with 23 copies of completed United States Marshal Form 285s and 23 completed notices of lawsuit and requests for waiver of service. Plaintiff is ORDERED to provide all of the necessary copies no later than February 4, 2015. Failure to do so may result in the case being dismissed for failure to prosecute. Plaintiff has been warned.

BY THE COURT:

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: December 5, 2014

cc: Kerry X. Marshall
BE-7826
SCI Rockview
Box A
Bellefonte, PA 16823