IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY X. MARSHALL, <br><br> Plaintiff, <br><br> v. <br><br> TOM CORBETT, JOHN WETZEL, JOHN DOE #1, ANDREA PRIORI-MEINTEL, ULLI KLEMM, CRAIG COOPER, MARGARET GORDON, MARCIA NOLES, RANDY MCELRAVY, MICHAEL MICHLIN, JEFFREY DITTY, LYDIA HALE, ADEEB RASHEED, JODY SMITH, DORINA VARNER, BRIAN COLEMAN, JOHN DOES #2-7, and DEBRA HAWINBERRY, <br><br> Defendants. | Civil Action No. 14-1210 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 56 |

## ORDER

Presently before the Court is Plaintiff's Motion to Lift the Court's 5-28-2015 Order to Stay Proceedings (the "Motion to Lift Stay"). ECF No. 56.

Plaintiff is a *pro se* inmate currently housed at SCI-Rockview. He brings the instant civil rights action under 42 U.S.C. § 1983 and Religious Land Use and Institutionalized Persons Act ("RLUIPA") for alleged violations of his First and Fourteenth Amendment rights while housed in the Pennsylvania Department of Corrections ("DOC") at SCI-Rockview. ECF No. 6.

Plaintiff previously filed a nearly identical complaint in the United States District Court for the Middle District of Pennsylvania at 3:13-cv-02961 (the "MDPA Action") that is currently pending disposition by that court. ECF Nos. 40-2 and 40-5. In the instant Complaint, Plaintiff raises the same issues regarding claims of his violations of his Free Exercise rights; Equal

Protection; First Amendment Establishment Clause; and discrimination based upon religion stemming from the exact same DOC policies and procedures.

In the instant case, Plaintiff claims that the policies and procedures which he disputes have been implemented and enforced by the DOC's Central Office are allegedly violating his rights. ECF No. 6 ¶ 32. Additionally, Plaintiff notes that these policies and procedures have been adopted and enforced by his current place of incarceration, which is SCI-Rockview. The Court notes that SCI-Rockview is the same institution where Plaintiff was housed when raising the same claims in the MDPA Action. ECF No. 40-6.

On May 28, 2015, upon consideration of Defendants' Motion to Stay Proceedings, ECF No. 40, this Court issued an order staying the instant action due to Plaintiff's concurrent litigation in the MDPA Action, raising nearly identical claims against substantially identical parties, concerning the effect of certain religious policies of the DOC. ECF No. 44. This Court found that the goals of judicial comity and efficiency are well-served by the avoidance of duplicative litigation. As such, the instant case was stayed. Id.

In the Motion to Lift Stay, Plaintiff provides a procedural history of the MDPA Action and requests that the stay in this case be lifted. ECF No. 56.

In opposing the pending Motion to Lift Stay, Defendants argue that the MDPA Action is still ongoing and that Chief Magistrate Judge Susan Schwab just issued a briefing schedule as to Plaintiff's Motion for Preliminary Injunction. ECF No. 58. Defendants further argue that Plaintiff will not be harmed by a stay, as his claims are currently being litigated in the MDPA Action. Judicial economy and justice are best served by allowing the case in the Western District to be stayed pending the outcome of the case in the Middle District.

Upon review, this Court agrees with Defendants and finds that a continuation of the stay will prevent the waste of judicial resources in litigating over the same issues at the same institution where Plaintiff is housed in multiple forums. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). The purpose of this power is to promote "economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." In re Residential Doors Antitrust Litig., 900 F. Supp. 749, 756 (E.D. Pa. 1995) (quoting Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir. 1967)). In addition, District Courts have authority under Federal Rule of Civil Procedure 16(a)(3) to schedule proceedings in a case to "discourage wasteful pretrial activities."

For the reasons set forth herein, it is hereby ORDERED that Plaintiff's Motion to Lift the Court's 5-28-15 Order to Stay Proceedings is DENIED.

Dated: June 17, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE